UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LAUREN HAIDON,<br>      Plaintiff,<br><br>      v.<br><br>BRENDAN DANAHER,<br>      Defendant. | No. 3:19-cv-119 (SRU) |

## ORDER REGARDING VALIDITY OF JANUARY 9, 2017 ERIE COUNTY TEMPORARY COURT ORDER

In a pretrial motion, doc. no. 153, the plaintiff, Lauren Haidon, requested an order preventing the defendant from offering any evidence at trial challenging the validity of a temporary court order issued by the Erie County, New York Family Court on January 9, 2017 ("the Erie County Order"). The Erie County Order, which has been entered into evidence in this case as Plaintiff's Exhibit 5, states that: "the father's access with the child, Sophia, is temporarily suspended pending further order of the Court." *Id*. The plaintiff argued in her pretrial motion that the Order is valid and enforceable because the Erie County Family Court properly exercised jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA). Doc. No. 153-2, at 9.

However, at the summary judgment hearing on February 15, 2023, I explained on the record that I did not have sufficient factual context to determine, as a matter of law, whether the Erie County Family Court properly exercised jurisdiction and therefore whether the Erie County Order was valid and enforceable. Summ. J. Tr., Doc No. 129, at 31:21-23; 50:4-9. I had not at that point been provided with a copy of the plaintiff's petition or application for the Erie County Order, and so I explained that it was unclear whether the Order arose under the UCCJEA,

whether it was an "emergency petition," and whether the Erie County court was properly informed of the parties' residences or prior custody agreement in Connecticut—all material questions of fact that precluded summary judgment on this issue. *Id.* at 31:23-32:5. Therefore, at the pretrial conference, I took the plaintiff's motion under advisement and explained to counsel that, after reviewing further evidence and hearing argument outside of the presence of the jury, I would decide as a matter of law whether the Erie County Order was valid and instruct the jury on that issue. New evidence has now been offered and admitted as trial exhibits, particularly the plaintiff's UCCJEA petition and family offense petition to the Erie County Family Court, *see* Pl. Exs. 56-57, which provide the context that was formerly missing and allows me to determine the validity of the Erie County Order pursuant to the UCCJEA's jurisdictional provisions.

      The UCCJEA, adopted in both Connecticut and New York, *see* C.G.S. § 46b-115 *et. seq.*, N.Y. Dom. Rel. Law Art. 5-A, permits a court to exercise jurisdiction over child custody proceedings if: it is located in the child's "home state", defined as "the state in which a child lived with a parent or person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding"; if no other state has "home state" jurisdiction and there is a significant connection with the state other than mere physical presence; or if a court of the child's "home state" has declined to exercise jurisdiction. *Id.* In addition, a court "has temporary emergency jurisdiction if the child is present in [the] state and . . . it is necessary in an emergency to protect the child, a sibling or parent of the child." N.Y. Dom. Rel. Law § 76-c. For a New York court to exercise temporary emergency jurisdiction, "the mere physical presence of the child in [the state] is not a sufficient basis *per se* for the exercise of jurisdiction. . . . There must, in addition, be an emergency that is real and immediate, and of such a nature as to require state intervention to protect the child from imminent physical or emotional

danger." *Baptiste v. Baptiste*, 113 N.Y.S.3d 604 (2020) (cleaned up). Notably, "the legislative history of the UCCJEA makes clear that the expansion of the statute to include danger to a parent is reflective of 'an increased awareness and understanding of domestic violence.'" *Alger v. Jacobs*, 169 A.D.3d 1415, 1416 (2019) (cleaned up).

In this case, the plaintiff filed a UCCJEA petition for custody or visitation to the Erie County Family Court on January 9, 2017, which was clearly titled "Petition-UCCJEA". *See* Pl. Ex. 56, at 1. That petition was assigned a docket number of V-00152-17/17A. *Id.* In her petition, the plaintiff asserted that the Erie County Court had jurisdiction to issue a child custody or visitation order on the grounds of a "significant connection" between the child and a parent and the fact that no other state has home state jurisdiction. *Id.* at 2. The plaintiff also asserted that the Erie County Court should exercise temporary emergency jurisdiction because the child was presently in the state, the father abandoned the child, and the father abused both the plaintiff and the child. *Id.* at 3. Additionally, the plaintiff listed her former address in Connecticut and her address in New York, as well as the date ranges during which time she lived with the child at each address, establishing that at the time of her petition she had been living in New York with the child for less than six months. *Id.* at 4. Finally, the plaintiff indicated that a custody order had been entered by the Hartford, Connecticut Superior Court in April 2015. *Id.* In addition to and at the same time as that petition, the plaintiff filed a "Family Offense Petition" seeking an order of protection against the father. Pl. Ex. 57. That petition was assigned a different docket number, 0-00153-17. *Id.*

On the same day, January 9, 2017, the Erie County Order was entered and signed by Judge Mary G. Carney. The Order was assigned the same docket number as the plaintiff's UCCJEA petition: V-00152-17/17A. Pl. Ex. 5. It therefore is abundantly clear that the Order was

issued in response to the plaintiff's UCCJEA petition. Additionally, regardless of whether "significant connection" jurisdiction was, in fact, a proper ground for in the Erie County Court to exercise jurisdiction or whether Connecticut still retained home state jurisdiction, it cannot be contested that the Erie County Court properly exercised temporary emergency jurisdiction based on the allegations of abuse and neglect made in both the plaintiff's UCCJEA petition and the plaintiff's Family Offense Petition. *See, e.g., Santiago v. Riley,* 915 N.Y.S.2d 99, 100 (2010) (explaining that where a mother filed a family offense petition and "claimed that the father had committed numerous acts of physical and verbal abuse and her and the children," the Family Court could exercise temporary emergency jurisdiction under the UCCJEA).

    Therefore, I conclude that the Erie County Order is valid and enforceable pursuant to the UCCJEA, N.Y. Dom. Rel. Law § 76-c, and I will instruct the jury accordingly.

    So ordered.

Dated at Bridgeport, Connecticut, this 8th day of December 2023.

                                                  /s/ STEFAN R. UNDERHILL
                                                Stefan R. Underhill
                                                United States District Judge